IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: BEXTRA AND CELEBREX MARKETING SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | No. C 05-01699 CRB<br><br>MDL No. 1699<br><br>**PRETRIAL ORDER #1** |
| This Order Relates to:<br><br>ALL CASES | |

    The Judicial Panel on Multidistrict Litigation ("the Panel") has transferred certain product liability and marketing sales practices actions relating to the drugs Bextra and Celebrex to this Court for coordinated pretrial proceedings.  As the number and complexity of these actions warrant holding a single, coordinated initial case management conference for all actions in <u>In Re: Bextra and Celebrex Marketing, Sales Practices and Product Liability Litigation</u>, MDL No. 1699, the Court ORDERS as follows:

    1.    APPLICABILITY OF ORDER --- Prior to the initial pretrial conference and entry of a comprehensive order governing all further proceedings in this case, the provisions of this Order shall govern the practice and procedure in those actions that were transferred to this Court by the Panel.  This Order also applies to all related cases filed in all divisions of the Northern District of California and all "tag-along actions" later filed in, removed to, or

transferred to this Court.

2.  CONSOLIDATION---The civil actions transferred to this Court or related to the actions already pending before this Court are consolidated for pretrial purposes. Any "tag-along actions" later filed in, removed to, or transferred to this Court, or directly filed in the Northern District of California, will automatically be consolidated with this action without the necessity of future motions or orders. This consolidation does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure.

3.  DATE OF INITIAL CONFERENCE AND AGENDA FOR CONFERENCE--Matters relating to pretrial and discovery proceedings in these cases will be addressed at an initial pretrial conference to be held on **Thursday, December 8, 2005 at 2:15 p.m.** before Judge Charles R. Breyer in the Ceremonial Courtroom, 19th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California. Counsel are expected to familiarize themselves with the *Manual for Complex Litigation, Fourth* ("MCL 4th") and be prepared at the conference to suggest procedures that will facilitate the expeditious, economical, and just resolution of this litigation. The items listed in MCL 4th Sections 22.6, 22.61, 22.62, and 22.63 shall, to the extent applicable, constitute a tentative agenda for the conference. Counsel shall confer and seek consensus to the extent possible with respect to the items on the agenda, including a proposed discovery plan, amendment of pleadings, and consideration of any class action allegations and motions. If the parties have any suggestions as to any case management orders or additional agenda items, these suggestions shall be filed with the Court by **December 1, 2005.**

4.  POSITION STATEMENT---Plaintiffs and defendants shall submit to the Court by **December 1, 2005** a brief written statement indicating their preliminary understanding of the facts involved in the litigation and the critical factual and legal issues. These statements will not be binding, will not waive claims or defenses, and may not be offered in evidence against a party in later proceedings. The parties' statements shall identify all cases that have

2

been transferred to or related before this Court, and shall identify all pending motions in those cases. The statement shall also list all related cases pending in state or federal court (that have not already been transferred to this Court), together with their current status, including any discovery taken to date, to the extent known. The parties shall be limited to one such submission for all plaintiffs and one such submission for all defendants.

5. INITIAL CONFERENCE APPEARANCES --- Each party represented by counsel shall appear at the initial pretrial conference through the party's attorney who will have primary responsibility for the party's interest in this litigation. Parties not represented by counsel may appear in person or through an authorized and responsible agent. To minimize costs and facilitate a manageable conference, parties with similar interests may agree, to the extent practicable, to have an attending attorney represent the party's interest at the conference. A party will not by designating an attorney to represent the party's interest at the conference be precluded from other representation during the litigation, nor will attendance at the conference waive objections to jurisdiction, venue or service.

6. SERVICE---Prior to the initial pretrial conference, service of all papers shall be made on each of the attorneys on the Panel Attorney Service List attached to this Order. Any attorney who wishes to have his/her name added to or deleted from such Panel Attorney Service List may do so upon request to the Clerk and notice to all other persons on such service list. The parties shall present to the Court at the initial conference a service list of attorneys and their office addresses and E-mail addresses. After the initial conference, service shall be by e-filing, as is explained in paragraph 9.

7. RESPONSE EXTENSION AND STAY--Defendants are granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set by this Court. Pending the initial conference and further orders of this Court, all outstanding discovery proceedings are stayed, and no further discovery shall be initiated. Moreover, all pending motions must be renoticed for resolution on a motion day or days after the initial case management conference.

8.   MASTER DOCKET FILE --- The Clerk of Court will maintain a master docket case file under the style "In Re: Bextra and Celebrex Marketing Sales Practices and Product Liability Litigation" and the identification "MDL No. 1699." When a pleading is intended to apply to all actions, this shall be indicated by the words: "This Document Relates to All Cases." When a pleading is intended to apply to fewer than all cases, this Court's docket number for each individual case to which the document number relates shall appear immediately after the words "This Document Relates to."

9.   FILING --- This case is subject to Electronic Case Filing ("ECF"), pursuant to General Order 45, Section VI of which requires that all documents in such a case be filed electronically. General Order 45 provides at Section IV (A) that "Each attorney of record is obligated to become an ECF User and be assigned a user ID and password for access to the system upon designation of the action as being subject to ECF." If she or he has not already done so, counsel shall register forthwith as an ECF User and be issued an ECF User ID and password. Forms and instructions can be found on the Court's Web site at ecf.cand.uscourts.gov.

All documents shall be e-filed in the master file, 05-1699. Documents that pertain to one or only some of the pending actions shall *also* be e-filed in the individual case(s) to which the document pertains.

10.  DOCKETING NEW CASES---When an action that properly belongs as part of <u>In Re: Bextra and Celebrex Marketing Sales Practices and Product Liability Litigation</u> is filed after the date of this Order in the Northern District of California or transferred here from another court, the Clerk of this Court shall:

  a.   File a copy of this Order in the separate file for such action;
  b.   Make an appropriate entry on the master docket sheet;
  c.   Mail to the attorneys for the plaintiff in the newly filed or transferred case a copy of this Order;
  d.   Upon the first appearance of any new defendant, mail to the attorneys for the defendant in such newly filed or transferred cases a copy of this Order.

4

11. APPEARANCES --- Counsel who appeared in a transferor court prior to transfer need not enter an additional appearance before this Court. Moreover, attorneys admitted to practice and in good standing in any United States District Court are admitted pro hac vice in this litigation, and the requirements of Northern District of California Local Rule 11-3 are waived. Association of local counsel is not required.

12. REMAND STIPULATIONS --- In the event that a case is remanded, the parties shall furnish to the Clerk of Court a stipulation or designation of the contents of the record and furnish all necessary copies of any pleadings filed so as to enable the transferee clerk to comply with the order of remand.

13. PRESERVATION OF EVIDENCE --- All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action. The duty extends to documents, data, and tangible things in the possession, custody and control of the parties to this action, and any employees, agents, contractors, carriers, bailees, or other nonparties who possess materials reasonably anticipated to be subject to discovery in this action. "Documents, data, and tangible things" shall be interpreted broadly to include writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voice mail, E-mail, telephone message records or logs, computer and network activity logs, hard drives, backup data, removable computer storage media such as tapes, discs and cards, printouts, document image files, Web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, checks statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings and notes, studies or drafts of studies or other similar such material. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition. Until the parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data and tangible things

1  containing information potentially relevant to the subject matter of this litigation.
2  <u>Counsel is under an obligation to the Court to exercise all reasonable efforts to identify</u>
3  <u>and notify parties and non-parties, including employees of corporate or institutional</u>
4  <u>parties.</u>

5       14.   FILING OF DISCOVERY REQUESTS---In accordance with Rule 5(d) of
6  the Federal Rules of Civil Procedure, discovery requests and responses are not to be filed
7  with the Clerk nor sent to the Judge's Chambers, except to the extent needed in connection
8  with a motion.

9       15.   LIAISON COUNSEL --- Prior to the initial conference, counsel for the
10 plaintiffs and counsel for defendants shall, to the extent they have not already done so, confer
11 and seek consensus on the selection of a candidate for the position of liaison counsel for each
12 group who will be charged with essentially administrative matters. For example, liaison
13 counsel shall be authorized to receive orders and notices from the Court on behalf of all
14 parties within their liaison group and shall be responsible for the preparation and transmittal
15 of copies of such orders and notices to the parties in their liaison group and perform other
16 tasks determined by the Court. Liaison counsel shall be required to maintain complete files
17 with copies of all documents served upon them and shall make such files available to parties
18 within their liaison group upon request. Liaison counsel are also authorized to receive orders
19 and notices from the Judicial Panel on Multi District Litigation pursuant to Rule 5.2(e) of the
20 Panel's *Rules of Procedure* or from the transferee court on behalf of all parties within their
21 liaison group and shall be responsible for the preparation and transmittal of copies of such
22 orders and notices to the parties in their liaison group. The expenses incurred in performing
23 the services of liaison counsel shall be shared equally by all members of the liaison group in
24 a manner agreeable to the parties or set by the Court failing such agreement. Appointment of
25 liaison counsel shall be subject to the approval of the Court. At the first conference liaison
26 counsel and/or the parties should be prepared to discuss any additional needs for an
27 organizational structure or any additional matters consistent with the efficient handling of
28 this matter.

16.     PLAINTIFFS' STEERING COMMITTEE- -The Court intends to appoint a Plaintiffs' Steering Committee ("PSC") to conduct and coordinate the discovery stage of this litigation with the defendants' representatives or committee. Applications/nominations for the PSC positions must be e-filed in master case no. 05-1699 on or before Monday, **December 20, 2005.** A courtesy copy must be mailed directly to Judge Breyer's chambers.

The main criteria for membership in the PSC will be: (a) willingness and availability to commit to a time-consuming project; (b) ability to work cooperatively with others; and (c) professional experience in this type of litigation. Applications/nominations should succinctly address each of the above criteria as well as any other relevant matters. No submissions longer than three (3) pages will be considered. The Court will only consider attorneys who have filed a civil action in this litigation.

Objections may be made to the appointment of a proposed applicant/nominee; nevertheless, the Court will entertain only written objections to any application/nomination. These objections must be e-filed in master case no. 05-1699 on or before January 7, 2006, with a courtesy copy mailed to Judge Breyer's chambers. The objections, if any, must be short, yet thorough, and must be supported by necessary documentation.

The PSC will have the following responsibilities:

A.   Discovery

(1)   Initiate, coordinate, and conduct all pretrial discovery on behalf of plaintiffs in all actions which are consolidated with the instant multi district litigation.

(2)   Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs.

(3)   Cause to be issued in the name of all plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial of relevant issues found in the pleadings of this litigation.

1 Similar requests, notices, and subpoenas may be caused to be issued by the PSC upon written
2 request by an individual attorney in order to assist him/her in the preparation of the pretrial
3 stages of his/her client's claims.

    (4) Conduct all discovery in a coordinated and consolidated manner on behalf and for the benefit of all plaintiffs. No attorney for a plaintiff may be excluded from attending the examination of witnesses and other proceedings. Such attorney may suggest questions to be posed to deponents through the designated PSC members provided that such questions are not repetitious.

  B. Hearings and Meetings

    (1) Call meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the Court. Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings.

    (2) Examine witnesses and introduce evidence at hearings on behalf of plaintiffs.

    (3) Act as spokesperson for all plaintiffs at the pretrial proceedings and in response to any inquiries from the Court, subject of course to the right of any plaintiff's counsel to present non-repetitive individual or different positions.

  C. Miscellaneous

    (1) Submit and argue any verbal or written motions presented to the Court on behalf of the PSC as well as oppose when necessary any motions submitted by the defendants or other parties which involve matters within the sphere of the responsibilities of the PSC.

    (2) Negotiate and enter into stipulations with defendants regarding this litigation. All stipulations entered into by the PSC, except for strictly administrative details such as scheduling, must be submitted for Court approval and will not be binding until the

8

1  Court has ratified the stipulation.  Any attorney not in agreement with a non-administrative
2  stipulation shall file with the Court a written objection thereto within ten (10) days after
3  he/she knows or should have reasonably become aware of the stipulation.  Failure to object
4  within the term allowed shall be deemed a waiver and the stipulation will automatically be
5  binding on that party.

6         (3)     Explore, develop, and pursue all settlement options pertaining to any
7  claim or portion thereof of any case filed in this litigation.

8         (4)     Maintain adequate files of all pretrial matters and have them available,
9  under reasonable terms and conditions, for examination by plaintiffs or their attorneys.

10        (5)     Prepare periodic status reports summarizing the PSC's work and
11 progress.  These reports shall be submitted to the Plaintiffs' Liaison Counsel who will
12 promptly distribute copies to the other plaintiffs' attorneys.

13        (6)     Perform any task necessary and proper for the PSC to accomplish its
14 responsibilities as defined by the Court's orders.

15        (7)     Perform such other functions as may be expressly authorized by
16 further orders of this Court.

17        (8)     Reimbursement for costs and/or fees for services will be set at a time
18 and in a manner established by the Court after due notice to all counsel and after a hearing.

19      17.     COMMUNICATION WITH THE COURT --- Unless otherwise ordered by
20 this Court, all substantive communications with the Court shall be in writing and e-filed.  The
21 Court recognizes that cooperation by and among plaintiffs' counsel and by and among
22 defendants' counsel is essential for the orderly and expeditious resolution of this litigation.
23 The communication of information among and between plaintiffs' counsel and among and
24 between defendants' counsel shall not be deemed a waiver of the attorney-client privilege or
25 the protection afforded attorneys work product, and cooperative efforts contemplated above
26 shall in no way be used against any plaintiff by any defendant or against any defendant by
27 //
28 //

any plaintiff.  Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.

**IT IS SO ORDERED.**

Dated: November 8, 2005

_____
CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE